UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Heriberto Maldonado-Navarro</u>
<u>a/k/a Robert Yambo</u>,
    Petitioner

    v.                                     Civil No. 10-cv-314-SM
                                            Opinion No. 2010 DNH 136

<u>United States of America</u>,
    Respondent


**O R D E R**

Petitioner seeks to vacate his drug-related convictions in this court.  28 U.S.C. § 2255.  The petition was signed on July 22, 2010, but the convictions sought to be vacated were entered in 1985 (<u>United States v. Heriberto Maldonado-Navarro</u>, Docket No. 85-cr-27-2-MFL).

Petitioner says, in a supporting affidavit, that he has since been convicted of additional drug crimes[1] and an enhanced sentence (262 months) was imposed, based upon his prior convictions in this court, under 28 U.S.C. § 851.  He wishes to vacate those old convictions in this district and, presumably, then seek relief with respect to his current sentence.

The petition must be dismissed as untimely.  Petitioner had one year from the effective date of the Antiterrorism and

---

[1] The petitioner does not disclose when or in what district he was most recently convicted.

Effective Death Penalty Act of 1996 (AEDPA) to file a petition challenging these 1985 convictions. See, e.g., Rogers v. United States, 180 F.3d 349 (1st Cir. 1999); 28 U.S.C. § 2255(f). That is, this petition had to be filed on or before April 24, 1997. It is far too late now.

And, parenthetically, it seems likely that the current sentence petitioner is serving was imposed well after 1990. If that is so, he would not have been permitted to challenge these 1985 predicate convictions with respect to the enhancement. Section 851(e) of Title 21 provides:

> No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction.

## Conclusion

The petition for relief pursuant to 28 U.S.C. § 2255 is dismissed as untimely filed.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 5, 2010

cc: Heriberto Maldonado-Navarro, pro se
    Aixa Maldonado-Quinones, AUSA